IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL BENAVIDEZ § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-cv-194 |
| § | JURY |
| NUECES COUNTY, TEXAS; and § | |
| BOBBY JOE BENAVIDES, *Individually* § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff, Daniel Benavidez, bringing this his *Plaintiff's Original Complaint*, praying for damages against Nueces County, Texas, and Bobby Joe Benavides, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

I.
JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

II.
PARTIES

2. Plaintiff Daniel Benavidez (hereinafter occasionally referred to as "Plaintiff" and/or "Daniel") is a resident of Nueces County, Texas.

3. Defendant Nueces County, Texas (hereinafter "Defendant County" or "County") is a political subdivision of the State of Texas, and may be served with summons upon its County

Judge, Barbara Canales, 901 Leopard St., Room 303, Corpus Christi, Texas 78401.

4. Defendant Bobby Joe Benavides (hereinafter "Defendant Benavides" or "Benavides") was, at all times material to this suit, a deputy employed by the NUECES COUNTY SHERIFF'S DEPARTMENT (hereinafter occasionally referred to as "the NCSD"). Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NCSD. Defendant can be served with summons at his place of residence, 505 Marie St., Robstown, Texas 78380.

## III.
## FACTS

5. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done during the employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

6. On or about September 2, 2019, Benavides was escorting medical personnel for mediation distribution at the Nueces County Jail (hereinafter "the jail"). When they reached Daniel's cell, Daniel and the medical personnel discussed/argued about Daniel's ulcer medication and/or lack thereof. At some point during same, Benavidez became so inappropriately angry at Daniel's requests for medication that Benavidez charged Daniel, shoving him onto the top rear corner of his bunk and then proceeded to strike Daniel with closed fists over and over again (well over twenty times), only then to pick Daniel up by his shirt away from the bunk and slam Daniel onto the concrete, pinning Daniel under Benavidez's weight and continuing to assault hum until other officers arrived and stopped the relentless and unnecessary brutality. Said attack resulted in numerous injuries, including, *inter alia*, numerous broken ribs, abrasions, bruises and the like.

7. In particular, what Defendant Benavides (known to everyone in the jail as "The Punisher") did on that day what he and others in the jail were trained and/or allowed to do – inflict pain and punishment through the use of brute-force. It was only because the incident was captured on video and became known outside of the jail after the fact that the NCSD took any action at all and, *inter alia*, fired Benavides before Benavides was convicted of assault, tampering with evidence and official oppression.

### IV.
### FIRST CLAIM FOR RELIEF - - §1983

8. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

9. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

10. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his First and Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a)    by using excessive force upon Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

    b)    by failing to intervene, where such intervention would have prevented the injuries of Plaintiff.

11.    **§ 1983 – *Monell* liability.**  It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in-compliance with the County's customs, practices, policies or procedures. A County is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedure of using unnecessary and/or excessive force. The actions taken in this case were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions. Liability for Defendant County is established under §1983 because the assault, beating, and severe injury to citizens/inmates, with little or no justification, in retaliation for exercising the right to First Amendment speech and/or as punishment, is a persistent, widespread practice of County employees -- namely officers/deputies like "The Punisher") -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official County policy. Defendant County's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by their policy makers. Defendant County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant

County is liable under §1983 for failure to adopt a policy precluding officers from beating/assaulting in-custody citizens because such failure to adopt such a policy is one of intentional choice.

## V.
## SECOND CLAIM FOR RELIEF – Texas – Assault & Battery

12. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendants" in this section only applies to any Individual Defendants and does not include Defendant County.

13. As a pendent state cause of action, at all times material and relevant herein, any Individual Defendant, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through unconsented physical contact with him.

14. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Benavides committed an assault upon Plaintiff when they intentionally, knowingly, and/or recklessly caused Plaintiff's injuries. Said assaultive conduct of Benavides was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Benavides' wrongful acts and a natural and direct result of the assault.

15. At no time was Benavides privileged to take the action, as force was not necessary. Moreover, Benavides' assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.

## VI.
## DAMAGES

16. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

17. Said injuries have caused Plaintiff to incur special damages which include but are not limited to the cost of medical treatment.

18. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover damages against Defendants, jointly and severally; that this Court issue injunctive relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove herself justly entitled.

    Respectfully submitted,

    **GALE LAW GROUP, PLLC**
    711 N. Carancahua St., Suite 514
    Corpus Christi, Texas 78401
    Mailing Address:
    P.O. Box 2591

Corpus Christi, Texas 78403
Telephone: (361) 808-4444
Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b)