UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL BENAVIDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00194 |
| | § | |
| NUECES COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Currently pending is Plaintiff Daniel Benavidez's "Opposed Motion for Leave to File Plaintiff's First Amended Complaint and/or Reconsider Dismissal of Defendant County" (D.E. 43). Defendant Nueces County, Texas ("the County"), has responded. (D.E. 44).

For the reasons discussed further below, it is recommended that Benavidez's motion (D.E. 43) be **DENIED**.

### I.   PROCEDURAL BACKGROUND

In August 2021, Benavidez filed a complaint under 42 U.S.C. § 1983 against Defendants the County and Bobby Joe Benavides, a deputy employed by the Nueces County Sheriff's Department. (D.E. 1). He alleged that, while he was an inmate at the Nueces County Jail, Deputy Benavides became angry at Benavidez's requests for medication and charged at him, pushed him into the corner of his bunk, struck him with closed fists over 20 times, picked him up and slammed him onto the concrete floor, and

continued assaulting him until other officers intervened. (*Id.* at 2). As a result of the attack, Benavidez had numerous injuries, including broken ribs, abrasions, and bruises. (*Id.*). Deputy Benavides was trained to inflict pain and punishment as part of his job, and the County only took action because the incident was on camera. (*Id.* at 3). As to his specific claims, Benavidez first claimed under § 1983 that the Defendants violated his constitutional rights by using excessive force and failing to intervene. (*Id.* at 3-4). He alleged that the County was liable because it sanctioned the unofficial custom, policy, and/or practice of using unnecessary and excessive force. (*Id.* at 4-5). Second, he alleged that Deputy Benavides committed assault and battery under Texas law. (*Id.* at 5).

In December 2021, the County moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Benavidez's claim against it for failure to state a claim. (D.E. 9).

In March 2022, while the County's motion to dismiss was pending, Benavidez moved for default judgment against Deputy Benavides because he failed to appear or defend the lawsuit. (D.E. 20). In April 2022, Benavidez requested an entry of default against Deputy Benavides because he failed to answer the complaint. (D.E. 22). The Clerk of Court entered default against Deputy Benavides. (D.E. 23). The District Court subsequently entered a partial judgment against Deputy Benavides. (D.E. 24).

On June 23, 2022, the District Court granted the County's motion to dismiss, concluding that Benavidez failed to allege sufficient facts under the pleading standard defined in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (D.E. 29 at 4). Specifically, the Court concluded that Benavidez had not

identified either a written policy statement, ordinance, or regulation, or any past incidents other than his own. (*Id.*). Further, the Court rejected Benavidez's argument that a lower pleading standard applies to a municipal liability claim. (*Id.* at 4-5). Finally, the Court denied Benavidez's generic request for leave to amend his complaint without prejudice and ordered that he could file a renewed motion for leave on or before July 5, 2022. (*Id.* at 5-6).

Benavidez did not file anything before July 5, 2022.

On September 7, 2022, Benavidez moved for entry of a scheduling order regarding his claims against Deputy Benavides. (D.E. 31 at 1-2). In the motion, Benavidez acknowledged that the Court had granted the County's motion to dismiss, but noted that he did not believe that ruling could be appealed before his damages were adjudicated on his claims against Deputy Benavides. (*Id.*). The Court entered a scheduling order. (D.E. 32).[1] On December 26, 2022, Benavidez filed a motion for continuance of the trial against Deputy Benavides. (D.E. 34). The Court granted the motion. (D.E. 35). A bench trial was held on February 13, 2023.

On March 24, 2023, the District Court entered a default judgment against Deputy Benavides in a total amount of $413,295.05 (D.E. 42 at 1-2). The Court stated that: "This is a final judgment." (*Id.* at 2).

On April 2, 2023, Benavidez filed the present motion. (D.E. 43).

---

[1] Notably, the Court also entered a scheduling order on November 18, 2021. (D.E. 8). This scheduling order was later stricken when the case was stayed pending a decision on the County's motion to dismiss. (D.E. 25).

3

## II.    MOTION AND ATTACHMENTS

In his motion, Benavidez acknowledges that the District Court granted the County's motion to dismiss on June 23, 2022, and denied his motion for leave to amend without prejudice. (*Id.* at 1-2). He states that due to confusion related to another case where Deputy Benavides was a defendant and several other cases against the County, he failed to notice that he had not filed a renewed motion for leave to amend the complaint. (*Id.* at 2). While he was working on obtaining the default judgment against Deputy Benavides, he noticed that a renewed motion to amend had not been filed. (*Id.* at 2-3). Benavidez argues that the Court should grant his motion so that it can consider any subsequent motion to dismiss with consideration of recent Fifth Circuit decisions that were not available at the time of the original dismissal. (*Id.* at 3). Alternatively, he requests that the Court reconsider the previous dismissal in light of the new Fifth Circuit decisions. Specifically, he cites *Bond v. Nueces County*, No. 20-40050, 2022 WL 4595000 (5th Cir. Sept. 30, 2022), and an expected forthcoming decision (since issued) in *DeLeon v. Nueces County*, No. 23-40004, 2023 WL 4447203 (5th Cir. Jul. 11, 2023).[2] (*Id.*).

In his attached amended complaint, Benavidez alleges the same underlying facts and raises the same claims as in his original complaint. (D.E. 43-1 at 1-12). However, he also alleges that Deputy Benavides was involved in a separate incident on July 14, 2019, in which he beat inmate Adan DeLeon and fractured his eye socket, nose, and two ribs, and

---

[2] *Bond* and *DeLeon* are also Southern District of Texas case numbers 2:19-cv-00043 and 2:21-cv-00143, respectively.

cracked discs on his neck. (*Id.* at 3 n.2). Benavidez alleges that, despite this incident, the County did nothing to protect other inmates from Deputy Benavides. (*Id.*). Benavidez further alleges that, in 1997, an inmate at the Nueces County Jail died after guards used excessive force due to a custom or policy that permitted or encouraged jailers to violate the civil rights of inmates. (*Id.* at 5-7). He alleges that the officers involved in the 1997 incident had extensive disciplinary histories for the use of excessive force, but the County did nothing to protect inmates from them. (*Id.* at 7-10). Benavidez alleges that between 1992 and 2009, the County employed at least six other people who were investigated nearly 20 times for the use of excessive force, but the County continued to employ them. (*Id.* at 10 n.4). He alleges that this policy continues to this day, but he includes no additional examples. (*Id.* at 11).

The County responds that Benavidez was required to file his motion by July 5, 2022, but did not file it until April 2, 2023. (D.E. 44 at 4). The County argues that Benavidez's explanation for this delay, that counsel was confused due to his other cases, does not constitute good cause. The County contends that allowing Benavidez to file an amended complaint would be prejudicial to its defense because the incident occurred almost four years ago. (*Id.*). The County further asserts that Benavidez's proposed amended complaint contains no new allegations that were not known to him at the time of his original complaint and no new claims or theories. (*Id.* at 4-5). Moreover, the County argues that Benavidez has not properly briefed the issue of whether his amended complaint meets the *Twombly*/*Iqbal* pleading standard, but rather merely states that the Court should consider

5

the *Bond* opinion without any discussion of whether it applies to this case. (*Id.* at 5). Finally, the County argues that, regardless of the timeliness of the motion, Benavidez's motion is futile because the proposed amended complaint still does not meet the pleading standard or state a plausible claim upon which relief could be granted. (*Id.* at 6).

Benavidez did not file a reply.

### III. DISCUSSION

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides a lenient standard for amendment. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). However, once the Court has issued a scheduling order, Rule 16(b) applies instead. *Id.* at 535-36. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may only be modified for good cause and with the judge's consent. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W*, 315 F.3d at 535 (internal quotation marks omitted).

"When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend before dismissing the action with prejudice, unless amendment would be futile. Amendment is futile if an amended complaint would still fail to state a claim." *Chaves v. Alvarado*, 2021 WL 3089289, at *4 (S.D. Tex. July 22, 2021) (internal citations omitted) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); then citing *Mandujano v. City of Pharr*, 786 F. App'x 434, 438 (5th Cir. 2019) (per curiam)).

6

In *Bond*, the plaintiff alleged deliberate indifference to a serious medical need that resulted in the death of an inmate at the Nueces County Jail. *Bond*, 2022 WL 4595000 at *1-2. The District Court denied the plaintiff's motion for leave to amend her complaint as futile, concluding that she had not adequately alleged a municipal liability claim because the previous examples she used to establish a persistent widespread pattern or practice were insufficiently detailed to show that they were similar and specific to the incident at issue. *Id.* at *4. The Fifth Circuit reversed the denial of the motion for leave to amend, finding that the plaintiff had adequately alleged the prior similar incidents at the motion to dismiss stage because they supported her core allegation, which was that the County "maintained a series of customs, practices, policies, or procedures related to not providing timely and/or immediate medical care that increased the magnitude of jury to in-custody individuals." *Id.* at *6 (internal quotation marks omitted). The Fifth Circuit noted that, at this stage, the question was whether the plaintiff "has alleged enough to create a reasonable inference that a policy exists, or that there exists a failure to have any pertinent policy." *Id.* at *7.

In *DeLeon*, the plaintiff sued Deputy Benavides and the County for use of excessive force, failure to train, and failure to intervene. *DeLeon*, 2023 WL 4447023 at *1. Specifically against the County, DeLeon:

> [C]laimed a sanctioned policy of employing excessive force and declining to intervene, and a failure to train or supervise its personnel in the proper use of force. To demonstrate his claimed pattern or policy, DeLeon pointed to a 1997 incident in which an inmate was beaten by County officers and later died. He also identified six other County officials (their roles unspecified) who were subject to multiple internal investigations, many involving excessive force, between 1992 and 2009.

7

*Id.* The District Court ultimately dismissed DeLeon's claims against the County, concluding that he was required to plead "at least a pattern of similar incidents" and had failed to do so. *Id.* The Fifth Circuit agreed, stating that the single 1997 incident was not sufficient to show a pattern, and the allegations about the six other employees were not detailed enough to determine whether they also committed the specific violation at issue. *Id.* at *2.

Here, Benavidez has not shown good cause for his nearly nine-month delay in filing his motion for leave to amend. The only explanation Benavidez provides for this delay is that counsel became confused due to his other cases and missed that he had not filed the motion here. (D.E. 43 at 2-3). However, during these nine months, Benavidez filed several other motions, including, for example, his September 7, 2022, motion for entry of a scheduling order. (D.E. 31). In this motion, Benavidez acknowledged the order dismissing his claims against the County. (*Id.*). Even assuming that counsel's confusion could be sufficient to meet the good cause standard under certain circumstances, he has not shown why he could not have discovered his mistake at least by the time of the September 2022 motion, nor explained why it took nearly another seven months from that time to file the present motion. In short, Benavidez's explanation does not establish that the July 5, 2022, deadline to file this motion could not "reasonably be met despite the diligence of the party needing the extension," and further has not explained why he could not have discovered his mistake in less than nine months. *See S&W*, 315 F.3d at 535.

8

However, even if Benavidez has shown good cause for the delay under Rule 16(b), or alternatively applying the more lenient standard under Rule 15(a), Benavidez's motion for leave to amend is futile because his proposed amended complaint still does not adequately plead a municipal liability claim. Although Benavidez relies on the Fifth Circuit's decisions in *Bond* and *DeLeon*, neither decision supports his arguments. *Bond* related to a different type of claim, deliberate indifference to a serious medical need, and the Fifth Circuit's decision was based on the 23 specific past incidents cited in the complaint that were sufficiently similar to the plaintiff's own incident to "create a reasonable inference that a policy exists, or that there exists a failure to have any pertinent policy." *Bond*, 2022 WL 4595000 at *1-2, 6-7. In contrast, *DeLeon* is directly analogous to this case because the plaintiff sued the exact same defendants and raised the exact same claims as Benavidez. *DeLeon*, 2023 WL 4447023 at *1. Moreover, Benavidez's counsel also represented DeLeon, and the factual allegations in Benavidez's proposed amended complaint are word-for-word identical as the factual allegations in DeLeon's complaint. (*See* S.D. Tex. Case No. 2:21-cv-00143, D.E. 30 at 3-11 & n.3). The Fifth Circuit affirmed the District Court's conclusion that these factual allegations, consisting of the 1997 incident and the reference to six other County officials who were subject to multiple internal investigations between 1992 and 2009, were insufficient to sustain a municipal liability claim based on a policy sanctioning the use of excessive force or for the failure to train, failure to supervise, or failure to intervene. *DeLeon*, 2023 WL 4447023 at *2. Benavidez has raised no argument why the conclusion should be different here.

For the same reasons, Benavidez has failed to show that either the *Bond* or *DeLeon* decisions provide reason to reconsider the dismissal of his original complaint.

## IV. RECOMMENDATION

Accordingly, it is recommended that Benavidez's motion (D.E. 43) be **DENIED**.

Respectfully submitted on September 21, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).